## Doris Chu Tai & another[1] *vs.* City of Boston.

No. 96-P-1991.

Suffolk. February 4, 1998. - July 22, 1998.

Present: Kass, Smith, & Flannery, JJ.

*Practice, Civil,* Relief from judgment, Judicial discretion. *Judgment,* Relief from judgment.

Discussion of excusable neglect as a ground for allowing a motion under Mass.R.Civ.P. 60(b) for relief from judgment. [222-224]

A Superior Court judge did not abuse her discretion in granting the defendant in a motor vehicle tort case relief from judgment, pursuant to Mass.R.Civ.P. 60(b). [224-225]

Civil action commenced in the Superior Court Department on December 13, 1994.

A motion for relief from judgment was heard by *Diane M. Kottmyer,* J.

*Keith W. Kauppila* for the plaintiffs.

*Andrea W. McCarthy,* Assistant Corporation Counsel, for the defendant.

Kass, J. Were the decision ours in the first instance, we would not have been inclined to grant the city of Boston's motion for relief from judgment entered against it in this motor vehicle tort case. Such, however, is the deference afforded trial judges when they act on rule 60(b) motions that we decline to reverse the judgment. A judge of the Superior Court allowed the city's motion under Mass.R.Civ.P. 60(b)(1), 365 Mass. 828 (1974). A single justice of the Appeals Court granted the plaintiffs leave to bring an interlocutory appeal from the Superior Court judge's ruling.

As a method of alternative dispute resolution, introduced by Superior Court Administrative Directive No. 91-2, selected mo-

[1]Yih-Jian Tai.

tor vehicle tort cases filed in Suffolk Superior Court are, prior to trial, dispatched to a Case Evaluation Program. That program requires the presentation of claims and defenses before a case evaluator and the attendance not only of counsel, but of the parties and any other persons required to approve a settlement.[2] The claim of the Tais arose out of a rear-end collision that occurred November 3, 1992. A city police cruiser had struck their car in the rear while both vehicles were traveling in the Massachusetts Turnpike extension tunnel under the Prudential Center in Boston. On November 1, 1995, the parties presented their cases before an evaluator, who, at the conclusion of the evaluation session, made a written recommendation that the city pay $25,000 in damages to the plaintiffs.[3] That recommendation, captioned "Non-Binding Award," contains the following message prominently displayed in bold-face, capitalized type: "THE COURT WILL ENTER FINAL JUDGMENT IN THE AMOUNT OF THE AWARD IF NO PARTY REJECTS THE AWARD WITHIN THIRTY (30) DAYS OF THE EVALUATION SESSION."

Neither party rejected the award and on December 14, 1995, judgment was entered in accordance with the evaluation award, although the judgment was not entered on the docket until December 21, 1995. The assistant corporation counsel who attended the evaluation session on behalf of the city woke up to the running of the thirty-day period on December 5, 1995, and on that day sent a letter by fax to a coordinator of the Case Evaluation Program stating that the city "rejects the settlement award recommended by Evaluator John T. Donahue on November 1, 1995." When the bad news about the judgment arrived at the city of Boston Law Department, the assistant corporation counsel, with comparative alacrity, filed a motion for relief from judgment under Mass.R.Civ.P. 60(b), pleading her inadvertence and excusable neglect. Neglect there surely was; the assistant corporation counsel had actually been paying attention to another aspect of the case on November 28th, but not to the November 30th deadline. In the days immediately

---

[2]Participation in the program is mandatory but there are procedures to move for exemption as well as voluntary transfer to a mediation program.

[3]Twenty thousand dollars to Doris Chu Tai and $5,000 to her husband for loss of consortium. Under the procedures of the Case Evaluation Program, the parties are encouraged to reach a settlement at the evaluation session. The evaluator makes a written recommendation only after the parties have failed to settle.

preceding that deadline, the assistant corporation counsel said that her attention had been diverted by duties involving another case with which she was assisting.[4]

It was not the first or the last occasion in which the city had manifested a relaxed attitude toward the management of the case. Earlier, a default judgment had been entered under Mass. R.Civ.P. 33(a), as amended, 368 Mass. 907 (1976), after the expiration of the thirty-day period provided for in the rule to produce discovery already overdue. When the city made its second motion to vacate final judgment, the one with which this case is concerned, it failed in the first instance to attempt any showing that it had a meritorious defense. See *Berube* v. *McKesson Wine & Spirits Co.*, 7 Mass. App. Ct. 426, 433 (1979); Smith & Zobel, Rules Practice § 60.7, at 475 (1977). While a party is not required to show a certainty of success, there needs to be a fair shot at success, or, more elegantly, "an indication that the claim is one 'worthy of judicial investigation because raising a material question of law meriting discussion and decision, or a real controversy as to essential facts arising from conflicting or doubtful evidence.' " *Berube* v. *McKesson Wine & Spirits Co.*, supra at 433, quoting from *Russell* v. *Foley*, 278 Mass. 145, 148 (1932). On the issue of substantive merit, the moving party seeking relief from judgment should submit affidavits or references to material produced in discovery that flesh out the bare-bones claim that the moving party can maintain a contest on the merits. See *Berube* v. *McKesson Wine & Spirits Co.*, supra at 430; Smith & Zobel, Rules Practice § 60.7, at 475 & n.69. Here the city did no more than state in a "Further Memorandum in Support of Its Motion for Relief from Judgment" that "[t]here is a question of liability because of plaintiffs' vehicle's sudden stop in traffic and because of the oily and wet conditions in the tunnel where the accident occurred."

Excusable neglect, at least in theory, is something other than, "Oops, I forgot."[5] It is meant to apply to circumstances that are unique or extraordinary, not any "garden-variety oversight." *Feltch* v. *General Rental Co.*, 383 Mass. 603, 613-614 (1981).

---

[4]The assistant corporation counsel who appeared for the city on the appeal is not the same lawyer as the one who represented the city before the Superior Court.

[5]Neither the cases nor commentators offer a view about the difference between "inadvertence" and "excusable neglect." The terms are often used

*Cullen Enterprises, Inc.* v. *Massachusetts Property Ins. Underwriting Assn.*, 399 Mass. 886, 894 (1987). The Reporters' Notes to Mass.R.Civ.P. 60(b)(1), Mass. Ann. Laws, Rules of Civil Procedure, at 589 (Law. Co-op. 1997), state: "It seems clear that relief will be granted only if the party seeking relief demonstrates that the mistake, misunderstanding, or neglect was excusable and was not due to his own carelessness. . . . The party seeking the relief bears the burden of justifying failure to avoid the mistake or inadvertence." (Citations omitted.) See *Scannell* v. *Ed. Ferreirinha & Irmao, Lda.*, 401 Mass. 155, 158 (1987); *Pasquale* v. *Finch*, 418 F.2d 627, 630 (1st Cir. 1969); *Cline* v. *Hoogland*, 518 F.2d 776, 778 (8th Cir. 1975).

Applying that standard in this case, the city's neglect might have been excusable if, for example, it had reason to think the case had been settled or that the plaintiff had filed a notice of rejection. Its neglect is not excusable for the reason given: simple oversight. See 12 Moore's Federal Practice par. 60.41[1][c](ii) (3d ed. 1998). Coupled with the earlier neglect of responding to discovery requests and the desultory character in which the city suggested that liability was seriously in doubt, the case for denying the motion for relief from judgment is, in our view, very strong. Compare *Greenleaf* v. *Massachusetts Bay Transp. Authy.*, 22 Mass. App. Ct. 426, 430 (1986). Through its dilatory conduct, the city had neutralized two judicial mechanisms designed to advance the process of dispute resolution: discovery and the Case Evaluation Program. Lawyers can be forgiven for taking lightly deadlines incident to rules of procedure or orders of court if leniency in holding parties to those deadlines is the norm, rather than the exception.

In 1993, however, the United States Supreme Court, in a case arising under Bankruptcy Rule 9006(b)(1), rejected a rigidly exacting standard of excusable neglect. "[T]he determination is at bottom," the Court wrote, "an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co.* v. *Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395 (1993). Our own decisional law has, similarly, followed a course that avoids indulgence on the one hand and a trip-wire approach on the other. In *Schulte* v. *Director of the Div. of Employment Security*, 369 Mass. 74, 79 (1975), the court said: "Sloppiness in following a prescribed procedure

interchangeably, although the word "inadvertence" implies accidental action while "excusable neglect" implies passive conduct.

for appeal is not encouraged or condoned, but at the same time a distinction is taken between serious missteps and relatively innocuous ones." Failing to act within a limitations period is cited in the *Schulte* opinion as in the serious category, like those rules which govern when an action may be initiated or when an appeal may be taken. *Id.* at 79-80.

The opinion in *Berube* v. *McKesson Wine & Spirits Co.*, 7 Mass. App. Ct. at 430-431, undertook to list some of the factors a judge should consider when acting on a motion for relief from judgment: "(1) whether the offending party has acted promptly after entry of judgment to assert his claim for relief therefrom; (2) whether there is a showing either by way of affidavit, or otherwise apparent on the record, that the claim sought to be revived has merit; (3) whether the neglectful conduct occurs before trial, as opposed to during, or after the trial; (4) whether the neglect was the product of a consciously chosen course of conduct on the part of counsel; (5) whether prejudice has resulted to the other party; and (6) whether the error is chargeable to the party's legal representative, rather than to the party himself." The motion judge's memorandum of decision in this case shows she was aware of and considered the *Berube* factors.

Decisive in the instant case is that, ultimately, resolution of motions for relief from judgment repose in the broad discretion of the motion judge. An appellate court will not reverse the motion judge's decision "except upon a showing of a clear abuse of discretion." *Scannell* v. *Ed. Ferreirinha & Irmao, Lda.*, 401 Mass. at 158. The standard is one of marked deference. *Cullen Enterprises, Inc.* v. *Massachusetts Property Ins. Underwriting Assn.*, 399 Mass. at 894. *Chiu-Kun Woo* v. *Moy*, 17 Mass. App. Ct. 949 (1983). See *Berube* v. *McKesson Wine & Spirits Co.*, 7 Mass. App. Ct. at 433-434; *Gifford* v. *Westwood Lodge Corp.*, 24 Mass. App. Ct. 920, 922-923 (1987). Compare *Wilkinson* v. *Guarino*, 19 Mass. App. Ct. 1021, 1023-1024 (1985).

It is a factor in this case that the procedural mechanism that the city had neglected was of the Superior Court's own devising, in contrast to a statute, regulation, or uniform rule of procedure. How strictly the Superior Court procedure shall be applied in any individual case is a question particularly in the discretion of that court. The misstep had occurred before trial; it was unintentional; the neglectful party had acted promptly to seek relief; the prejudice to the plaintiff at the time may not

have been great.[6] There are sufficient pointers toward allowing the defendant relief from the adverse judgment entered against it that we do not think the motion judge can be charged with an abuse of discretion for allowing that relief.

*Order allowing motion for relief
from judgment affirmed.*

---

[6]The Case Evaluation Rules provide that, if the parties reject an award, the case will proceed directly to the next time standards event.