Curtin, J.
This is a Dist./Mun. Cts. R. A. D. A., Rule 8C appeal by the defendants of the denial of their motion for relief from the default judgment entered against them.
On December 17, 1997, the plaintiff-mortgagee commenced this action to recover a deficiency following its foreclosure sale of the defendant-mortgagors’ realty. The defendants were served with process on January 5,1998.
On January 22, 1998, three days before the expiration of the time for filing an answer, defendant Douglas Smith sent a letter to the trial court requesting an extension of time to March 5,1998 on the ground that business commitments and travel prevented him from presently seeking legal counsel. The defendant never marked his request for hearing, and no action was taken. Also by letter of January 22, 1998, the defendants sought the plaintiff’s assent to the same extension. On January 26,1998, the plaintiff declined the request for the reason that the defendants’ “account had been outstanding for a period of time.”
On February 13,1998, the plaintiff obtained a default judgment in the amount of $81,711.69 plus interest and costs against the defendants. Notice of judgment was mailed on the same date, and execution was issued on February 23,1998.
On April 10, 1998, the plaintiff commenced supplementary process proceedings, and a return of service on the defendants was filed on May 4, 1998. The defendants apparently did not seek legal representation until after a capias was issued for their arrest on May 26,1998.
The defendants’ Rule 60(b)(1) motion for relief from judgment was not filed until June 12,1998. The motion set forth only a procedural chronology of the case and a conclusory assertion that the plaintiff’s alleged failure to issue the required G.L.c. 244, §17B notices precluded this action to obtain a foreclosure sale deficiency. The motion was accompanied by an unsigned affidavit of counsel which merely identified attached copies of the original summons and return of service, the defendant’s January 22, 1998 letter, the plaintiff’s response and the court’s default judgment. No affidavit was submitted by the defendants in support of their claimed meritorious defense.
1. It is elementary that relief from a default judgment pursuant to Mass. R. Civ. R, Rule 60(b)(1) is unwarranted in the absence of a threshold demonstration by the moving party of some mistake, neglect or inadvertence which was excusable. Cullen Enterprises, Inc. v. Massachusetts Prop. Ins. Underwriting Assn., 399 Mass. 886, 894 (1987); Lumber Mutual Ins. Co. v. Centore, 1992 Mass. App. Div. 218, 219-220; Lewandowski v. Borghi, 1989 Mass. App. Div. 80, 81. The burden was on the defendants herein to prove that their failure to respond to the complaint was not *164 attributable simply to their own carelessness, or intentionally chosen course of conduct. Scannell v. Ed. Ferreirinha Irmao, Lda., 401 Mass. 155, 158 (1987); Shapiro v. Brown, 1998 Mass. App. Div. 203, 205. The defendants failed to satisfy that burden.
It is undisputed that the defendants had full notice of this action as early as January 5,1998. Although they requested an extension of time to answer on January 22,1998, they neither attempted to schedule a hearing on that motion, made any subsequent inquiry as to its status or disposition, nor pursued the matter in any manner. Despite Douglas Smith’s representation in his letter of January 22,1998 that he would retain counsel upon his return from a business trip in early February, the defendants took no action of any kind to protect their rights until after a capias was actually issued for their arrest more than five months later. The motion judge may well have properly concluded that the defendants’ conduct suggested little more than a casual indifference to the plaintiff’s legal claim or a calculated strategy to delay or frustrate the plaintiff’s collection efforts in the hope that the plaintiff would abandon the same. In short, the defendants advanced no excusable neglect or justifiable mistake to establish their preliminary qualification for Rule 60(b)(1) relief from judgment.
2. The defendants mistakenly argue that the judge erred as a matter of law in denying their motion to vacate judgment because they have a meritorious defense to the plaintiff’s claim. First, a general assertion of a defense not apparent on the record is ordinarily insufficient; an affidavit attesting to the facts underlying such defense should be submitted. Tai v. Boston, 45 Mass. App. Ct. 220, 222 (1998). See also New England Allbank For Savings v. Rouleau, 28 Mass. App. Ct. 135, 140 (1989). In ruling on a Rule 60 (b) (1) motion, the court is not in fact required to consider evidence or assertions which are not in affidavit form. Cicchese v. Tape Time Corp., 28 Mass. App. Ct. 72, 75 (1989). As noted, the defendants did not file any affidavit in support of their conclusory statement that the plaintiff failed to issue the mandatory statutory notices prior to foreclosure which are a prerequisite to any subsequent suit to recover a deficiency. See Framingham Savings Bank v. Turk, 40 Mass. App. Ct. 384, 386-387 (1996). The unsigned affidavit of defendants’ counsel did not even reference the existence of any meritorious defense to the plaintiff’s complaint. Contrary to the defendants’ suggestion, the burden rested on them to establish the existence of their claimed defense. The plaintiff was in no way obligated to disprove or rebut the defendants’ unsubstantiated allegations in order to defeat their Rule 60(b) (1) motion.[2]
Second, even the successful assertion of a meritorious defense would not alone require a motion judge to grant Rule 60(b) (1) relief. Lumber Mut. Ins. Co. v. Centone, supra at 220; Zisler v.Ayan, 1992 Mass. App. Div. 95, 97.
Although the failure to demonstrate a meritorious defense ordinarily justifies a refusal to vacate judgment, [citations omitted], the converse is not true.... [A] party is not entitled to Rule 60(b) (1) relief solely on the basis of the existence of a meritorious defense. Nor is there a right to such relief even in those instances in which the moving party has clearly satisfied all of the factors set forth in Berube [v. McKesson Wine & Spirits *165 Co., 7 Mass. App. Ct. 426 (1979)] as a guide for the court’s exercise of its discretion, [citations omitted] The allowance or denial of a Rule 60(b) (1) motion remains within the discretion of the trial judge.
Id. See also Scannell v. Ed. Ferreirinha & Irmao, Lda., supra at 159-160; Bird v. Ross, 393 Mass. 789, 791 (1985). Because motions for relief from judgment rest within the broad discretion of the motion judge, the sole and decisive question on this and every appeal of the denial of a Rule 60(b) (1) motion is whether the ruling constituted an abuse of judicial discretion amounting to an error of law. Tai v. Boston, supra at 224; Fidelity Trust Co. v. Brennan, 1993 Mass. App. Div. 230, 232. We perceive no such abuse in the denial of the defendants’ motion in this case.
Appeal dismissed.
So ordered.

 It may be noted that in opposition to the defendants’ motion, the plaintiff did produce copies of (1) a May 14, 1997 cover letter to defendant Douglas Smith informing him that the foreclosure sale would take place on June 12, 1997, and that a Mortgagee’s Sale of Real Estate notice and “Notice of Intention to Foreclose and of Deficiency After Foreclosure of Mortgage” were enclosed; and (2) a May 15, 1997 certified mail return receipt showing defendant Douglas Smith’s signature.