Cratsley, J.
The plaintiff, Eve Grossman, has moved, pursuant to Mass.R.Civ.P. 60(b), for relief from the Stipulation of Dismissal with Prejudice that was filed in this Court on July 16, 1999. The plaintiff contends that the final judgment in this case should be set aside on two grounds; (1) that the stipulation was entered into as a result of inadvertence, mistake or excusable neglect, see Mass.R.Civ.P. 60(b)(1); and (2) that the stipulation was entered into as a result of fraud, misrepresentation or misconduct of the defendants, see MassR.Civ.P. 60(b)(3). For the reasons set forth below, the plaintiffs motion is DENIED.
BACKGROUND
The plaintiff filed suit on March 25, 1999, alleging that she loaned money to the defendants to assist them in their acquisition, renovation and furnishing of a home located at 128 Charlemont Street, Newton, Massachusetts. On July 16, 1999, the plaintiff and defendants agreed as part of a settlement agreement that plaintiff would receive a $65,000 third mortgage on the defendants’ home, that the parties would exchange general releases and that the lawsuit would be dismissed with prejudice and without costs. On that same date a settlement agreement, a third mortgage and a general release were prepared and executed by both parties. The stipulation of dismissal was executed by both parties and filed with this Court on this same date.[2]
In a letter dated April 8, 1999, Jeffrey Wolf, counsel for the defendants, told Gregory Barison, counsel for the plaintiff, that “this will confirm that the clients will not voluntarily encumber the property further after today, except they reserve the right to draw down further on the existing equity credit line which is now in second position behind their mortgage.” As of that date, the defendants’ home was encumbered by a mortgage in the amount of $165,000 and a $25,000 equity line of credit. On June 16, 1999, the defendants increased their equity line to $50,000 and on July 7, 1999, the defendant’s again increased their equity line to $100,000. Barison did not learn of these increases in the home equity line ceiling until September 2, 1999.
On September 10, 1999, the plaintiff filed a Motion for Permanent Injunction to Enforce the Terms of Settlement seeking to enjoin the defendants from accessing any amount beyond $25,000 from their equity line of credit on their property. On October 6, 1999, Judge Borenstein of this Court denied this motion with the written notation that “the April 8, 1999 letter, and in particular, the next to last paragraph of same, did not amount to a promise not to increase the credit line”; and “furthermore, with the signed settlement and releases, any such promise was extinguished.”
This Motion for Relief from Judgment was filed on June 22, 2000.
DISCUSSION
Mass.R.Civ.P. 60(b)(1) permits a judge of the Superior Court to relieve a party from the effect of an otherwise final judgment for reasons of “mistake, inadvertence, surprise or excusable neglect.” Berube v. McKesson Wine & Spirits Co., 7 Mass.App.Ct. 426, 429 (1979). “Excusable neglect, at least in theory, is something other than ‘oops, I forgot.’ It is meant to apply to circumstances that are unique or extraordinary, not any ‘garden-variety oversight.’ ” Tai v. City of Boston, 45 Mass.App.Ct. 220, 222 (1998). The party seeking relief bears the burden of justifying failure to avoid the mistake or inadvertence. Id. at 223. The exercise of the power to grant relief from a judgment rests within the sound discretion of the trial judge. Berube v. McKesson Wine & Spirits Co., 7 Mass.App.Ct. at.429.
In this case, the plaintiff claims that as a result of the April 8, 1999 letter which Woolf sent to plaintiffs counsel, Barison, stating that the defendants would not “further encumber their property but reserved the right to draw down on the ‘existing equity credit line,’ ” plaintiffs counsel assumed that the defendants would not increase the equity line ceiling on their property. In this Court’s opinion, this does not rise to the level of excusable neglect.
Plaintiffs counsel, through due diligence, could have determined whether the defendants had in *320 creased their equity line ceiling before the stipulation of dismissal was executed. Although it may have been a reasonable inference that the language of this letter means that the defendants would not increase the amount of their equity line of credit on their property, this inference cannot excuse the failure of the plaintiffs attorney to confirm this belief before final documents ending this case were signed. Moreover, the settlement agreement contains no provision barring the defendants from increasing their equity line ceiling.
Mass.R.Civ.P. 60(b)(3) allows relief from judgment as a result of “fraud, misrepresentation, or other misconduct of an adverse party.” In this case, the plaintiff contends that the defendants’ act of increasing their credit line ceiling before the execution of the stipulation of dismissal at a minimum constitutes misconduct. This Court disagrees. In his decision on plaintiffs motion for a permanent injunction to enforce the terms of the settlement, Judge Borenstein concluded that the language of the August 8, 1999 letter did not amount to a promise to not increase the credit line.[3] This Court finds no reason to disagree with the conclusion of a colleague. Furthermore, there is no provision in the final settlement agreement that prevents the defendants from increasing their credit line ceiling. Therefore, the action of the defendants in increasing their credit equity line to $100,000 did not rise to the level of fraud, misrepresentation or misconduct.
ORDER
For the reasons stated herein, it is ORDERED that plaintiffs motion for relief from judgment is DENIED.

 All these documents are in the Court’s file for this case.

 In his decision, Judge Borenstein wrote “the 4/8/99 letter, and in particular, the next to last paragraph of the same, does not amount to a promise to not increase the credit line. Furthermore, with the signed settlement and releases, any such promise was extinguished.”