Kane, Robert J., J.
On May the 31st, 2005, Michael S. Doyle, joined by his spouse Cynthia Doyle, filed a complaint claiming that a Steven Hodges (Hodges), while intoxicated and under 21 years of age, kicked Doyle to the ground resulting in a complete tear of the patella tendon, necessitating surgery. The pleading alleged that Hodges’ intoxication resulted from being served alcoholic beverages by the Sea Crest Ocean Front Resort and Conference Center, Limited Partnership (Sea Crest), in violation of G.L.c. 138, §34.
Doyle now moves for leave to file late an affidavit required by G.L.c. 231, §60J. Responding to why the unseasonable filing occurred, counsel admitted to ignorance of the statutory requirement and claimed that his case bears merit.
DISCUSSION
In Croteau v. Swansea Lounge, Inc., 402 Mass. 419, 421 (1988), the Supreme Judicial Court observed that G.L.c. 231, §60J serves as a mechanism to weed out frivolous claims. As to the 90-day deadline, the court ruled that a late affidavit may be allowed “in appropriate situations” by a showing of excusable neglect. Id, at 422-23.
A plaintiff bears a considerable burden to demonstrate excusable neglect. Gath v. Mass. Commission of Insurance, 440 Mass. 482, 496-97 (2003); Murphy v. Administrator of the Division of Personnel Administration, 377 Mass. 217, 228 (1979). However, it has been observed that review of excusable neglect is “an equitable one, taking account of all relevant circumstances surrounding the parties’ omission.” Tai v. Boston, 45 Mass.App.Ct. 220, 223 (1998) quoting from Pioneer Inv. Servs. Corp. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 395 (1993). In Tai, Judge Kass observed that in appropriate circumstances the court considers the following factors:
(1) whether the offending party has acted promptly after entry of judgment to assert his claim for relief therefrom;
(2) whether there is a showing, either by way of affidavit or otherwise apparent on the record that the claim sought to be revived has merit;
(3) whether the neglectful conduct occurs before trial, as opposed to during or after the trial;
(4) whether the neglect was the product of a consciously chosen course of conduct on the part of counsel;
(5) whether prejudice has resulted to the other party; and
(6) whether the error is chargeable to the party’s legal representative than to the party itself
Id, at 224 (citation omitted).
Doyle’s filing pursuant to G.L.c. 231, §60J is over three months late, without any showing that it represented a conscious disregard for the statutory requirement or that it will result in prejudice to the defendants. Moreover, the error is counsel’s, and Doyle’s affidavit indicates that for over nine hours, Sea Crest served alcohol to Hodges, a minor.
According to Doyle’s affidavit, during the cocktail hour that occurred between noon and two p.m., Doyle saw Hodges “drinking alcoholic beverages the entire time.” There was only one bar in the room and Doyle observed Hodges “go to the bar and buy rounds of drinks at least three times during that period.” During the reception between 2:00 and 6:00 p.m., Doyle again *445 saw Hodges drinking alcoholic beverages during the entire time. On several occasions, Doyle saw Hodges go to the bar and buy rounds of drinks. Again, at an “after party” event that occurred after 6:30, Doyle again saw Hodges consuming alcoholic beverages. At around 8:00 p.m., Doyle saw Hodges “consume several drinks at the outside bar within the span of approximately 30 to '45 minutes.”
Based on inter alia, the showing of the action’s merit, the lack of an intentional'failure to abide by the statute, and considering the lack of any persuasive showing of prejudice, this Court finds excusable neglect and allows the late filing of the affidavit required by Chapter 231, 60J.