McCann, John S., J.
INTRODUCTION
The plaintiff Carolyn French is represented by George N. Tobia, Esq. The defendant Friendly’s Ice Cream Inc. is represented by Richard John Shea, Esq., Jennifer B. Hardy, Esq. and Kathleen A. Bugden, Esq.
*54 The. plaintiffs complaint was. dismissed for. failure of the plaintiff to respond to interrogatories. The plain-; tiff -filed a Motion Tor Relief From; Judgment of 'Dismissal. .
FACTUAL BACKGROUND
I. Question-Presented:
■ . • >n o . . '■ (, , Is a plaintiff entitled to relief from judgment under Mass.R.Civ.P. 60(b) (1) where the motion was filed more than ,10 months after the action was dismissed and is based ;on,the illness and unexpected death, of .her attorney’s secretary.. ..i: .=• !
II. 'Background:
The underlying complaint in this action was filed on December 29, 2006, and seeks to recover for an injurk the plaintiff sustained after .falling oh ice in the defendant’s parking loti In March .200:7, ■ defendant served upon-plaintiff-its first discovery request. When this was not timely answered, plaintiffs' counsel requested an extension and the parties, ágrééd that the discovery reqúests would be answered by June 21,' 2007.: i (■ ■ 'r
Plaintiff failed to respond by June 21, 2007, and six days later, defendant served a ññál requést for'answers to interrogatories and a motion to compel discovery. Plaintiff thereafter responded, to defendant’s request for pfoductióh of ddcurherits árid sought an extension of time to1 respond to defendant’s request for interrogatories. The defendant agreed to .a 30-day extension on July 16,:2007., . .
The plaintiffs answers to'interrogatories Were not served within these, 30 days and, consequently, the defendant filed amotion for final judgment on August 16, 2007. This Court allowed the motion on August 23, 2007. Despite the entry of final judgment, plaintiff attempted to respond; to the outstanding discovery request; on, September 14, 2007. This response was also filed with court and the court, returned it because the case had been dismissed. Thereafter, on September 19, 2007,.plaintiffs counsel asked defense counsel to assent to a Rule -60(b) motion but the .defenge counsel-declined,-On-July 11, 20Ó8, more .than 10 months after, entry-of: judgment; .plaintiff served the instantimotion on defendant. ,: ,
According to plaintiffs counsel’s affidavit, his secretary wks-'díagnósed with"cancer iri the' Spring of 2007.' She passed away, in August ’2007. According to the plaintiffs attorney, she had ^complete contrdl án'd responsibility concerning [hiS] civil actions.” Plaintiff maintains that his failure to prosecute this claim, therefore, constitutes excusable negléct. "Plaintiff claims entitlement réliéf under ’Rúle 60(b)(1) notwithstanding the fact that the instant,motion was not. filed until more than ten months after the attorney knew or should: have, known that the case had been dismissed.
DISCUSSION
III. Analysis',
Relief under Rule- 60(b)(1) for excusable neglect is meant to apply to “circumstances. that are unique ,or extraordinary, n.ot any.- ‘garden-variety, oversight.’, ” Chu Tai v. City of Boston, 45 Mass.App.Ct. 220, 222 (1998). In other words, relief will be .granted if, the party seeking it demonstrates that the. “mistake, misunderstanding, or neglect was excusable and .was not due . to his own carelessness,”. Id., at 223.. Factors relevant-to this analysis,-include: . ,
1. Whether the offending párty hás acted promptly after entry of judgment to assert hiS'daim for relief therefrom. - - - ■ >‘
¿['Whether there is a showing . . . that the claim sought to be reviewed has mériti
3..-Whether the neglectful- conduct, occurs before trial as opposed to during, or after the trial- . ..
4. Whether the- neglect was the product of a consciously chosen course of conduct on the part of counsel.
5. Whether prejudice .has resulted to-the other --party. . ■ ’ ,- . . - , • r
6. -Whether'the error is chargeable to the party’s legal representative, rather tham to the party. -■
Berube v. McKesson Wine & Spirits Co., 7 Mass.App.Ct. 426 (1979). In this case, the plaintiff, through counsel; continuously failed to respond to the deféndáht’s'dís-covery requests'between March and September 2007. There is no dispute that the plaintiff, through her Counsel; was aware that'judgment had éhtéred against her,as early asSeptemberjO, 2007,.because, on that date, her counsel asked defense counsel to assent to a Rule 60 Motion: Yet plaintiffs counsel,failed to file this motion, until July 2008, more than ten months after judgment entered. -. - . ■
On the face of me,pleadings,, .there is a strong argument-that the motion, should be denied. See McIsaac v. Cedergren, 54 Mass.App.Ct. 607 (2002) (upholding denial of plaintiffs Rule 60(b)(1) motion Where plaintiffs counsel claiméd that his assistant “sabotaged his law pf acticé” because nearly one year passed before., mption. was. filed (arid plain tiffcounsel Relegated- an- inordinate-amount of legal work to-his secretary) p but see Roberto v. Dorchester Mutual Fire Insurance Co., 1991 Mass.App.Div. 86 (1991) (finding excusable neglect where .six mpnths passed between, entry, of judgment and¡ filing of motion for relief, from judgment); Sherblom v. Brigham, 1999 Mass.Super.LEXIS 407 (Sept. 20, 1999). (Hillman, J.) (finding-excusable neglect wherenearly seven-months pásSed before Rulé 60(b) motion was filédwhére plaintiffs, during this timé frame, terminated former cbuñ-sel and hired new attorney)..
However;'this Court’must balance all of the’factors in this case. From thé pleadings and the affidavit it is very clear that the plaintiffs case has merit. Some of *55 the BerUbe factors weigh in the plaintiffs favor. Plaintiffs counsel’s affidavit, which appears to be uncontroverted, states that the action has “great merit,” and that the plaintiff suffered “substantial injuries.” It also states that the defendant offered $25,000 in settlement before the suit was even filed which further suggests that the claim has substantial merit. The conduct of counsel occurred before trial and there is nothing by any party to suggest that his conduct was intentional. The defendant does not assert that the delay caused it to suffer prejudice and there is no reason to believe that this neglect is chargeable to the plaintiff herself as opposed to her attorney.
It is clear that there was a traumatic event in plaintiffs counsel’s office, that is the onset of cancer and ultimate death of a trusted secretary, but most importantly, is the prejudice which would occur to an unsuspecting party, in this case the plaintiff. There is nothing to suggest that she, as a party plaintiff, caused any of the events in that she never was obstreperous, or failed to provide information to her counsel when asked. To dismiss her case in such circumstances, with no fault on her part, is extremely harsh, especially when courts do not encourage defaults and routinely seek to have all parties fully litigate issues or disputes outside of the arena of a default. Equity clearly falls on the side of allowing this motion and this Court exercises its discretion and allows the motion. Chu v. Tai, 45 Mass.App.Ct. 220 (1991). For the reasons stated the Motion for Relief From Judgment of Dismissal is Allowed.
ORDER
Plaintiffs Motion for Relief From Judgment of Dismissal Pursuant to Rule 60(b)(1) and (6) of the Rules of Civil Procedure is ALLOWED. The Dismissal shall be VACATED. Answers to Interrogatories shall be filed.