NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1272

SEAVIEW RETREAT, INC., & others[1]

vs.

MASSACHUSETTS COMMISSION AGAINST DISCRIMINATION & another.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiffs, Seaview Retreat, Inc., Stephen B. Comley, II, and Aseda Aborgah, appeal from a Superior Court judge's order denying their cross motion for relief from judgment of dismissal under Mass. R. Civ. P. 60 (b), 365 Mass. 828 (1974). We affirm.

Background.  On or around September 27, 2011, the defendant, Michele A. Falzone, a former employee of Seaview Retreat, Inc., filed a complaint against the plaintiffs with the Massachusetts Commission Against Discrimination (MCAD).  Falzone

_____

[1] Stephen B. Comley, Second, and Aseda Aborgah.

[2] Michele A. Falzone.

alleged that her employment was terminated in retaliation for making an internal complaint of sexual harassment after she overheard another employee make a sexually explicit comment.[3] Following an evidentiary hearing, an MCAD "single commissioner" concluded that the plaintiffs were jointly and severally liable for retaliation.[4]  The plaintiffs appealed to the full commission, which affirmed the decision of the hearing officer. The plaintiffs then filed a complaint in the Superior Court seeking judicial review of the final agency decision pursuant to G. L. c. 30A, § 14, and G. L. c. 151B, § 6, and declaratory relief under G. L. c. 231A, §§ 1 and 2.

On July 25, 2019, the MCAD filed a copy of the administrative record of the proceedings.  Pursuant to Superior Court Standing Order 1-96 (4) (2015), the plaintiffs were required to file a motion for judgment on the pleadings within thirty days of the filing of the administrative record.  The plaintiffs did not file the required motion within thirty days. On April 8, 2021, after a status conference, a Superior Court

---

[3] The facts described by the plaintiffs in their appellate brief differ in substance from the facts found by the hearing officer.  Determinations of fact and credibility were already made by the single commissioner and have not been challenged on appeal as clearly erroneous.

[4] The single commissioner ordered the plaintiffs to pay Falzone $25,000 in damages for emotional distress and $6,940 in damages for back pay.

2

judge extended the deadline to file a motion for judgment on the pleadings to August 13, 2021. By that time, the plaintiffs still had not filed the required motion. On October 14, 2021, the judge issued an order for status review to the parties, which stated that "if notice is not received by 11/15/2021 the complaint will be dismissed." The plaintiffs did not respond to the judge's order. On January 5, 2022, the judge issued another order that "[t]he clerk will dismiss the case in 30 days absent written communication from a plaintiff." No plaintiff responded, and on February 15, 2022, the judge dismissed the plaintiffs' complaint.

On September 12, 2022, the MCAD filed a motion to issue separate amended judgments. The plaintiffs filed an opposition to the motion along with a cross motion for relief from judgment of dismissal pursuant to Mass. R. Civ. P. 60 (b), 365 Mass. 828 (1974), requesting further leave to file a motion for judgment on the pleadings. In the cross motion, the plaintiffs stated that their counsel was suffering from "medical issues and complications exacerbated by the COVID 19 pandemic during the fall and winter of 2021-2022" and did not receive actual notice of the October 14, 2021 order for status review. After a hearing, a Superior Court judge allowed the MCAD's motion for separate judgments and denied the plaintiffs' motion for relief from judgment. This appeal ensued.

Discussion.  The plaintiffs argue that the judge abused his discretion in denying their cross motion for relief from judgment of dismissal.  "Rule 60 (b) (1) of the Massachusetts Rules of Civil Procedure authorizes the court to grant relief from judgment in cases of 'mistake, inadvertence, surprise or excusable neglect.'"  Christian Book Distribs., Inc. v. Wallace, 53 Mass. App. Ct. 905, 906 (2001).  Alternatively, relief under rule 60 (b) (6) may be granted "when the vacating of judgment is justified by some reason other than those stated in subdivisions (1) through (5)" that presents "extraordinary circumstances" (citations omitted).  Owens v. Mukendi, 448 Mass. 66, 71 (2006).  The party seeking rule 60 (b) relief "bears the burden of justifying failure to avoid the mistake or inadvertence" (citation omitted).  Tai v. Boston, 45 Mass. App. Ct. 220, 223 (1998).  "[T]he denial of a motion under [r]ule 60 (b) will be set aside only on a clear showing of an abuse of discretion" (quotation and citation omitted).  Atlanticare Med. Ctr. v. Division of Med. Assistance, 485 Mass. 233, 247 (2020).

The plaintiffs have failed to demonstrate excusable neglect or extraordinary circumstances warranting relief.  The judge was not required to credit counsel's assertion that he did not receive notice of the October 14, 2021 order for status review, as he acknowledged that he had received every other notice from

4

the Superior Court and neither his email nor his office address had changed.[5]

Even assuming that counsel for the plaintiffs did not receive actual notice, he does not deny that he was aware of the August 13, 2021 deadline to file a motion for judgment on the pleadings. His stand-alone claim that "medical issues and complications" prevented him from "personally attending [c]ourt hearings or appearing in any public venue" does not explain his failure to file the required motion by the deadline or during the several months between the deadline and dismissal. While a failure to receive notice may justify a judge's decision to exercise their discretion and allow a motion for relief from judgment, it does not compel a ruling that the judge abused their discretion in denying such a motion. See Bird v. Ross, 393 Mass. 789, 791 (1985). Indeed, where, as here, counsel was provided with multiple notices of the Superior Court's intent to dismiss the plaintiffs' complaint, yet did not respond, we cannot discern any abuse of discretion. See L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014) (abuse of

_____

[5] During a November 10, 2022 hearing, counsel suggested that emails from the court "sometimes get[] bounced into a spam folder . . . . And I suspect that that's what happened in this case with respect to the notice of the status review." He did not provide an explanation as to why he did not check the docket after the deadline to file a motion for judgment on the pleadings had passed.

5

discretion occurs where judge made clear error of judgment in weighing factors relevant to decision "such that the decision falls outside the range of reasonable alternatives").

Finally, the judge did not abuse his discretion in declining to reach the merits of the plaintiffs' claims. Even if some factors "may provide limited support for the plaintiff's argument, an appellate court will not reverse a motion judge's decision 'except upon a showing of a clear abuse of discretion.'" McIsaac v. Cedergren, 54 Mass. App. Ct. 607, 612 (2002), quoting Tai, 45 Mass. App. Ct. at 224. As the plaintiffs have failed to make such a showing, we affirm.

Order denying motion for relief from judgment affirmed.

By the Court (Neyman, Singh & Toone, JJ.[6]),

Clerk

Entered: December 5, 2024.

---

[6] The panelists are listed in order of seniority.