NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1472

JOEL A. LORD

vs.

MARCIA J. BERGER.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The parties were divorced in August 2019 by a judge of the Probate and Family Court.  The divorce judgment incorporated a separation agreement.  As part of that separation agreement, the wife agreed to (1) transfer a business the parties operated during the marriage, ABC Soils, Inc. (ABC Soils or company), to the husband within thirty days of the signing of the agreement; (2) pay the husband $50,000 in the same thirty-day time frame; and (3) provide the company's business records to the husband. The separation agreement required both parties to cooperate to fulfill these obligations.

In October 2019, the husband filed a complaint for contempt alleging that the wife had failed to comply with these

provisions of the separation agreement.  After a nonevidentiary

hearing at which the wife represented herself, a judge (first

judge) found the wife in contempt of the judgment, entered an

order to that effect, and continued the matter for "compliance."

Judgment did not enter at that time.

Over the next two years, the wife filed two motions for

reconsideration of the judge's contempt order.[1]  The first of

these motions, filed on November 12, 2020 (2020 motion), does

not appear to have been acted on; we thus consider it to have

been denied.  See Hubbard v. Peairs, 24 Mass. App. Ct. 372, 380

(1987).  The second motion was filed by the wife's appellate

counsel on September 16, 2021 (2021 motion).  That motion was

heard and denied by another judge (second judge), who entered

judgment on the contempt on October 8, 2021.  The wife appealed.

Reading the wife's notice of appeal as encompassing all aspects

of the second judge's judgment -- that is, the entry of the

---

[1] The wife represents that on November 4, 2019, she served
an additional motion, pro se, on the husband's counsel, and
provided documentation of that service to the Probate and Family
Court.  That pleading, which is dated before the contempt
finding issued, sought relief from the divorce judgment,
however, not the subsequent contempt order.  In any event, it
does not appear from the docket that this motion was ever filed
with the court, and we thus do not consider it.  Compare Mass.
R. Civ. P. 5 (a), as amended, 488 Mass. 1402 (2021) (service,
when required), and Mass. R. Civ. P. 5 (b), as appearing in 493
Mass. 1401 (2023) (service, how made), with Mass. R. Civ. P.
5 (d), as amended, 404 Mass. 1401 (1989) (filing).

contempt judgment and the denial of the wife's 2020 and 2021 motions for reconsideration -- we affirm.

Discussion. 1. Contempt. A judge's finding of civil contempt must be supported by "clear and convincing evidence of disobedience of a clear and unequivocal command." Birchall, petitioner, 454 Mass. 837, 853 (2009). See Smith v. Smith, 93 Mass. App. Ct. 361, 363 (2018). "We review [a] judge's ultimate finding of contempt for abuse of discretion, but we review underlying conclusions of law de novo and underlying findings of fact for clear error." Commercial Wharf E. Condominium Ass'n v. Boston Boat Basin, LLC, 93 Mass. App. Ct. 523, 532 (2018).

In this case, the first judge did not abuse her discretion. The requirements that the wife cooperate in transferring the company and its records, and that she pay the full $50,000 to the husband on a defined schedule, were properly considered "clear and unequivocal command[s]" (citation omitted). Birchall, petitioner, 454 Mass. at 851. The wife does not argue that she completed any of these tasks pursuant to the required timeline, and the record supports the judge's determination that she did not do so. The record also supports the judge's implicit conclusion that the wife's noncompliance with the judgment rose to the level of "clear and undoubted disobedience"

3

of that order[2] (citation omitted).  Id.  The judge was not required to accept the wife's excuses for her noncompliance with the separation agreement, and it is apparent that she did not do so.[3]  See Casey v. Casey, 79 Mass. App. Ct. 623, 633 (2011) (appellate court defers to trial judge's credibility determinations).  Finally, where the first judge allowed the wife to present her argument in detail at the motion hearing, we are not persuaded that the limited excerpt from the hearing transcript included in the wife's brief establishes that she was not "fairly heard."

2.  Motions for reconsideration.  a.  2020 motion.  The wife's 2020 motion sought reconsideration of the original contempt order on the ground that the order was based on "factual errors and omissions."  Although the wife did not specify the basis for her motion (and included scant legal authority of any kind to support her argument), we consider it as a motion pursuant to Mass. R. Dom. Rel. P. 60 (b) and, as we note above, understand it to have been constructively denied

---

[2] Indeed, at least as far as the wife's failure to transfer the business was concerned, the wife effectively conceded this point at the motion hearing.

[3] The wife's argument that she lacked the ability to comply with the terms of the separation agreement as incorporated into the divorce judgment is raised for the first time on appeal and so is waived.  See Carey v. New England Organ Bank, 446 Mass. 270, 285 (2006).

4

when it was not acted on before judgment entered on the contempt.

There was no abuse of discretion in the denial of this motion. See Judge Rotenberg Educ. Ctr., Inc. v. Commissioner of the Dep't of Developmental Servs., 492 Mass. 772, 785 (2023), quoting Atlanticare Med. Ctr. v. Division of Med. Assistance, 485 Mass. 233, 247 (2020). Viewing the wife's argument through the lens of rule 60 (b) (1), we discern no "mistake" on the part of the judge in her decision on the record before her, and no "excusable neglect" on the part of the wife in failing to present at the hearing the facts she later sought to present through the motion for reconsideration. Mass. R. Dom. Rel. P. 60 (b) (1). See Tai v. Boston, 45 Mass. App. Ct. 220, 222-223 (1998). Moreover, if the motion was brought under rule 60 (b) (2), we conclude that the judge could have properly decided that none of the "true facts" presented in the unverified statement attached to the motion were "newly discovered evidence" for the purposes of the rule. Mass. R. Dom. Rel. P. 60 (b) (2). See Wojcicki v. Caragher, 447 Mass. 200, 213 (2006). Finally, to the extent that the wife relied on rule 60 (b) (6), the judge could have properly concluded that the case did not present the kind of "extraordinary circumstances which [that section of the rule] is intended to address." Owens v. Mukendi, 448 Mass. 66, 72 (2006). If there

5

was another basis for reconsideration included in the 2020 motion, the wife has failed to articulate it, and it is not apparent to us.

b. 2021 motion. The wife fares no better on her appeal from the denial of her 2021 motion, which explicitly cited to Mass. R. Civ. P. 60 (b) (1) and 60 (b) (6).[4]  As we note above, we are not persuaded that the first judge made any "mistake" in her original contempt finding, and the wife's argument that rule 60 (b) (1) applies thus fails.  Assuming the truth of the wife's representation that she satisfied her obligations to the husband after the contempt order issued, we consider it self-evident that her purging the contempt does not show that the original contempt order was the result of a "mistake."  Nothing in the wife's 2021 motion otherwise "justif[ied] relief from the operation of the [contempt order]," Mass. R. Civ. P. 60 (b) (6), meaning the second judge did not abuse his discretion by denying it.

---

[4] We assume without deciding that where judgment had not entered, the motion was timely.  See Cabral's Case, 18 Mass. App. Ct. 141, 143-144 (1984) (civil contempt order "entered in aid of ongoing proceedings . . . is regarded as interlocutory and not presently appealable").  Additionally, although the wife relies on Mass. R. Civ. P. 60 (b), rather than Mass. R. Dom. Rel. P. 60 (b), the language of the two rules is identical, so the distinction is not significant to our analysis.  See Sahin v. Sahin, 435 Mass. 396, 398 n.4 (2001) (proper to apply standards applicable to Mass. R. Civ. P. 60 to motions under Mass. R. Dom. Rel. P. 60; text of two rules is identical).

6

3.  Attorney's fees.  The husband seeks an award of appellate attorney's fees and costs pursuant to Mass. R. A. P. 25, as appearing in 481 Mass. 1654 (2019), on the ground that the wife's appeal is frivolous.  See G. L. c. 211A, § 15.  Because the wife had "no reasonable expectation of a reversal," Allen v. Batchelder, 17 Mass. App. Ct. 453, 458 (1984), we agree that her appeal was frivolous, and an award of appellate attorney's fees and costs is appropriate.  See Avery v. Steele, 414 Mass. 450, 455-457 (1993).  Consistent with the requirements of Fabre v. Walton, 441 Mass. 9, 10 (2004), the husband may file a request for appellate attorney's fees and costs, along with supporting documentation, within fourteen days of the issuance of the decision in this case.  The wife shall have fourteen days thereafter within which to respond.

Conclusion.  The judgment of contempt and the orders

denying the wife's motions for reconsideration are affirmed.[5]
The husband's request for appellate attorney's fees and costs is
allowed.

So ordered.

By the Court (Blake, C.J.,
Shin & Hand, JJ.[6]),

Clerk

Entered:  February 19, 2025.

---

[5] To the extent that we discern additional arguments in the
wife's brief, none of them rise to the level of appellate
argument, and we do not consider them.  See Mass. R. A. P.
16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019).

[6] The panelists are listed in order of seniority.