NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-215

DONALD SALADIN

vs.

JUSTIN GOSLEE & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Donald Saladin, appeals from an order denying his motion to vacate the judgment after his complaint was dismissed when his counsel failed to attend a status conference on March 5, 2024.  This absence was consistent with what two Superior Court judges found to be a pattern of neglect.[2] Discerning no abuse of discretion in the judge's order, we affirm.

---

[1] Alchemy Executive Protection Agency, Inc.; Paul Tarshi, doing business as Club Centro or Regina, Inc.; South Coast Music Group, LLC; and Jonathan L. Kirk.

[2] The plaintiff also filed a notice of appeal from the denial of his motion for reconsideration, but in his appellate brief he states that he "is not appealing the denial of his motion for reconsideration."

1.  Background.  The complaint, filed on October 19, 2021, alleges that in May 2019, defendant Justin Goslee physically assaulted Saladin, causing him serious injuries.  Goslee was hired by defendants South Coast Music Group, LLC (South Coast), and Alchemy Executive Protection Agency, Inc. (Alchemy), to provide security for a musical artist, defendant Jonathan Kirk.  According to the complaint, Kirk was liable as Goslee's employer for the assault and battery under principles of respondeat superior, and for negligent hiring, training, and supervision of Goslee.[3]

On November 28, 2023, by agreement of the parties, a judge allowed South Coast's motion for partial summary judgment and entered an order dismissing Saladin's claim against South Coast.  A status conference for the purpose of selecting a trial date was scheduled for March 5, 2024.  Saladin and his attorneys did not appear for the status conference, nor did they contact the

_____

[3] Saladin had filed an earlier complaint, dated December 11, 2019, wherein he claimed that Kirk had been one of his assailants.  In the present action, the assault and battery count is against only Goslee.  Nevertheless, at the hearing on the motion to vacate, Saladin's counsel asserted that he had a meritorious case because there was evidence that Kirk was involved in the assault.

court.[4]  The judge dismissed the complaint for failure to prosecute.

On May 6, 2024, Saladin filed a motion to vacate the judgment, pursuant to Mass. R. Civ. P. 60 (b), 365 Mass. 828 (1974).  The judge denied the motion as to Goslee, Alchemy, and Tarshi but scheduled a hearing for Saladin and his attorneys to appear in person on the motion as it related to Kirk and South Coast.[5]

On October 29, 2024, a different judge conducted the hearing on Saladin's motion to vacate the judgment of dismissal as to Kirk.  Following the hearing, the judge denied Saladin's motion, concluding that there was no excusable neglect for his failure to prosecute the claim against Kirk.[6]

---

[4] Saladin asserts in his brief that the parties agreed to February 29, 2024, for the status conference but the hearing was rescheduled "[u]nbeknownst to [Saladin's] counsel."  Although the summary judgment hearing transcript indicates that the parties initially agreed on February 29, the notice issued by the court reflected a date of March 5, 2024.  Kirk's counsel has represented that the parties agreed to the March 5 date and that he received notice from the court of that date.  Saladin does not contend that he or any of his counsel were in court on February 29.

[5] It is unclear why South Coast was included, where it had been dismissed from the case in November 2023.

[6] The judge noted that it was not in the interests of justice to reinstate claims solely against Kirk where, unlike the other defendants, he answered timely and continued to defend the case.

3

Discussion.  We review a motion for relief from judgment pursuant to Mass. R. Civ. P. 60 (b) for abuse of discretion. See Saade v. Wilmington Trust, Nat'l Ass'n, 494 Mass. 1013, 1014 (2024).  Relief is appropriate "only in 'extraordinary circumstances'" (citation omitted).  Id. at 1014-1015.

Saladin argued that his counsel failed to appear at the March 5, 2024 status conference either because he did not receive the notice to appear or because he failed to write down the correct date.  However, the judge rejected this argument on credibility grounds and described a lengthy history of neglect toward the case.  The judge noted that Saladin had (1) filed a prior complaint against the same defendants in 2019, arising from the same events; (2) voluntarily dismissed that complaint "on the eve of trial," after failing to take depositions of the defendants for over two years, to effect service on two of the defendants, and to seek a default judgment against a defendant who, though served, had not answered the complaint; (3) filed the present complaint eleven days after voluntarily dismissing the 2019 action; and (4) failed to take any steps to seek default judgments after three of the five defendants -- Goslee, Alchemy, and Tarshi -- failed to answer or otherwise respond to the complaint.  In addition, the judge noted that plaintiff's counsel "simply did not appear" for the agreed status conference

4

date of March 5, 2024. The judge concluded that there was not excusable neglect, but rather "a pattern of neglectfulness and inattention to the claims, the Court, and the Defendant parties spanning nearly five (5) years." Because the judge rejected the notice argument on credibility grounds, we will not overturn those findings. See Commonwealth v. Scott, 467 Mass. 336, 344 (2014) (motion judge is final arbiter of credibility). In any event, where neither Saladin nor his attorneys appeared for either the February 29 date to which he claims he agreed in open court or the March 5 date for which the court sent notice, Saladin has not shown the "extraordinary circumstances" that allow relief from judgment.

Saladin also argues that it was error for the judge to consider his or his counsel's conduct in failing to prosecute his 2019 complaint diligently. We disagree. The judge was not required to ignore Saladin's dilatory conduct during that first proceeding where the two complaints arose from the same circumstances and the defendant has been forced repeatedly to defend against similar claims. Nor are we persuaded by Saladin's contention that the judge abused her discretion by not addressing each of the factors set forth in Berube v. McKesson Wine & Spirits Co., 7 Mass. App. Ct. 426, 430-431 (1979). There is nothing in the record demonstrating that Saladin raised this

5

argument before the judge, as the motion does not mention Berube, and the memorandum of law is not in the record.[7] Moreover, even if we were to apply the Berube factors, we would stop at "whether there is a showing either by way of affidavit, or otherwise apparent on the record, that the claim sought to be revived has merit." Id. at 430. "On the issue of substantive merit, the moving party seeking relief from judgment should submit affidavits or references to material produced in discovery that flesh out the bare-bones claim that the moving party can maintain a contest on the merits." Tai v. Boston, 45 Mass. App. Ct. 220, 222 (1998). At the hearing on the motion to vacate, Saladin's counsel argued that there was video evidence suggesting that Kirk was personally involved in the assault of Saladin. The complaint, however, did not raise that issue. Instead, it alleged that Kirk was liable only under principles

---

[7] The defendant Kirk included Saladin's motion for relief from judgment in the addendum to his brief, but the memorandum in support of the motion for relief from judgment is not contained in any of the submissions. It is the appellant's duty to provide the relevant portions of the record necessary for appellate review. See Mass. R. A. P. 18 (a), as appearing in 481 Mass. 1637 (2019).

6

of respondeat superior or negligent hiring, training, or supervision.  Saladin submitted nothing on the merits of those claims.

Order denying plaintiff's
  motion to vacate judgment
  affirmed.

By the Court (Rubin, Brennan
  & Wood, JJ.[8]),

Paul Little

Clerk

Entered:  February 4, 2026.

---

[8] The panelists are listed in order of seniority.