J. Arthur Roy vs. Edward J. Roy & another.[1] No. 96-P-1699. August 17, 1999. *Jurisdiction,* Long-arm statute, Personal. *Practice, Civil,* Service of process.

The plaintiff brought this action in 1987 against the two named defendants and Omni Equities, Inc., recovering default judgments in 1996 against all defendants on a variety of theories. Omni Equities, Inc., was a Massachusetts corporation, and it did not appeal from the judgment. The case is before us on the appeals of Mueller and Edward J. Roy. None of the parties to the appeal are residents of Massachusetts.

*Appeal by Mueller.* For purposes of decision we assume that the certified mail receipt signed by Mueller's wife in Florida constituted "other evidence of personal delivery to the addressee satisfactory to the court," G. L. c. 223A, § 6(*b*), so as to establish service of process under G. L. c. 223A, § 6(*a*)(3). Such extraterritorial service was not effective to confer jurisdiction on the court, however, because nothing in Mueller's conduct made him amenable to service under the Massachusetts long-arm statute, G. L. c. 223A, § 3, for want of the minimum contacts here that are required to establish personal jurisdiction. See *Tatro* v. *Manor Care, Inc.*, 416 Mass. 763, 772-773 (1994), and cases cited. Mueller's status as an officer or director of Omni Equities, Inc., a Massachusetts corporation, did not suffice, see *Shaffer* v. *Heitner*, 433 U.S. 186, 213-217 (1977), and *Kleinerman* v. *Morse*, 26 Mass. App. Ct. 819, 824 (1989); nor does his purported role in publishing in Massachusetts the allegedly libelous letter written by Edward J. Roy confer specific jurisdiction on a Massachusetts court to adjudicate the sole claim against Mueller, a contract claim having nothing to do with Roy's letter. *Tatro* v. *Manor Care, Inc.*, 416 Mass. at 772. That Mueller maintained a bank account at a Massachusetts bank did not establish Massachusetts jurisdiction, see *American Exp. Intl., Inc.* v. *Mendez-Capellan*, 889 F.2d 1175, 1177, 1179-1180 (1st Cir. 1989), nor did the aggregate of Mueller's contacts with Massachusetts — being officer and director of a Massachusetts corporation, writing two checks to the plaintiff drawn on the Massachusetts account, and sending copies of correspondence to the plaintiff's Massachusetts attorney — constitute sufficiently substantial "contacts of a continuous and systematic nature," *Heins* v. *Wilhelm Loh Wetzlar Optical Mach. GmbH & Co. KG*, 26 Mass. App. Ct. 14, 22 n.6 (1988), as to support general jurisdiction. See *Keeton* v. *Hustler Magazine, Inc.*, 465 U.S. 770, 779 & n.11 (1984). See also *International Shoe Co.* v. *Washington*, 326 U.S. 310, 318 (1945). There is no evidence that the alleged contract was made in Massachusetts, see *Carlson Corp.* v. *University of Vt.*, 380 Mass. 102, 106 (1980), or called for significant performance in Massachusetts. See *"Automatic" Sprinkler Corp. of America* v. *Seneca Foods Corp.*, 361 Mass. 441, 445-446 (1972).

---

[1] Reinhard Mueller.

*Appeal by Edward J. Roy.* Edward J. Roy filed a motion to quash service of process on himself that had purportedly been effected in Florida on two different dates in 1991 by a process server appointed by the trial court. The service, according to the unsworn return of the process server, was made on both days by leaving process at the door of a building at 107-109-111 St. Albans Drive, Boca Raton, Florida, which the plaintiff, Edward J. Roy's brother, by affidavit stated was Edward J. Roy's home. Edward J. Roy's wife and a business associate both claimed in separate affidavits that Edward J. Roy did not live at that address. (The court had appointed the process server in September, 1991, apparently in response to Edward J. Roy's motion to vacate an earlier default, which, in effect, was a motion to quash service of process that had purportedly been made on Edward J. Roy in Florida by certified mail in 1987 or 1988. Based on the new return of service filed by the process server, the plaintiff had filed, and the court had allowed, a new motion to default Edward J. Roy.)

It was error to deny Edward J. Roy's motion to quash in its entirety. Service out of the Commonwealth by one not a Massachusetts sheriff or deputy sheriff must be proven either by the affidavit of the one who made the service or by a showing satisfying the requirements of the foreign jurisdiction for proof of service in its courts of general jurisdiction. Mass.R. Civ.P. 4(f), 365 Mass. 736 (1974). See G. L. c. 223A, § 6(*b*). The return of the process server, not being sworn before an officer authorized to administer an oath, did not qualify as an affidavit. *Galvin* v. *Town Clerk of Winchester*, 369 Mass. 175, 177 (1975). Nor did it purport to be a solemn affirmation under the penalties of perjury. See Mass.R.Civ.P. 43(d), 365 Mass. 807 (1974). The Massachusetts-appointed process server could not effect service in a Florida court unless proven to be duly appointed by a Florida sheriff or court in compliance with the extensive requirements (examination, background investigation, oath, posting of bond) for the appointment of private process servers under Florida law. See Fla. Stat. Ann. §§ 48.21, 48.-25-48.31 (West 1994). That showing is absent from this record.

The appearance slip filed on Edward J. Roy's behalf by Attorney Michael Nowak in August, 1991, did not constitute a "general appearance" that waived any objection to sufficiency of service. The Rules of Civil Procedure have abolished the longstanding prior practice that any appearance, unless stating a special purpose, constitutes a general appearance. See Mass.R.Civ.P. 11(b)(3), 365 Mass. 753 (1974); Smith & Zobel, Rules Practice § 12.3 (1974). Moreover, the point was not raised in the trial court and is thus not before us. See *Cheschi* v. *Boston Edison Co.*, 39 Mass. App. Ct. 133, 139 (1995).

A failure of *proof* of service does not necessarily mean that the service itself was invalid, see Mass.R.Civ.P. 4(f), and, if the judge had correctly disallowed the proof of service, in his discretion, as an alternative to dismissing the action against Edward J. Roy, he could have allowed the plaintiff to file an amended proof of service. See Mass.R.Civ.P. 4(g), 365 Mass. 736 (1974). This is a discretionary judgment that should be made in the trial court rather than here.[2]

*Conclusion.* So much of the judgment as applies to the defendant Mueller is

---

[2]Other arguments made by Edward J. Roy are without merit. We mention only two. (1) To preserve his claim that the court lacked personal jurisdiction, it should have been raised in his initial pleading, see Mass.R.Civ.P. 12(g), 12(h)(1), 365 Mass. 757 (1974), which raised only the issue of sufficiency of service of process under rule 12(b)(5), 365

reversed, and judgment is to be entered dismissing the action as to him. The balance of the judgment is reversed, and the case is remanded for further proceedings not inconsistent herewith.

*So ordered.*

The case was submitted on briefs.

*Ronna D. Howard* for J. Arthur Roy.

*Reinhard Mueller & Edward J. Roy*, pro se.

---

Mass. 755 (1974). (2) The bankruptcy proceeding involving Omni Equities, Inc., did not operate to stay proceedings against Omni's codefendants. See *Allegheny Intl. Credit Corp.* v. *Bio-Energy of Lincoln, Inc.*, 21 Mass. App. Ct. 155, 158 (1985).