CHRISTIAN BOOK DISTRIBUTORS, INC. *vs.* WILLIAM WALLACE. No. 99-P-1335. December 31, 2001. *Practice, Civil,* Service of process, Relief from judgment. *Jurisdiction,* Long-arm statute, Personal, Nonresident. *Judgment,* Relief from judgment, Default. *Consumer Protection Act,* Businessman's claim, Unfair or deceptive act.

The defendant, a resident of Maryland, was defaulted after he was served with process, pursuant to the Massachusetts long-arm statute, G. L. c. 223A, at his home address, but failed to file any responsive pleading within the time prescribed by Mass.R.Civ.P. 12(a)(1), 365 Mass. 754 (1974). The complaint alleged, inter alia, that the defendant had made various false representations to the plaintiff, a Massachusetts corporation, in connection with the sale to the plaintiff of a customer list by the company with which the defendant was associated, Great Christian Books, Inc. (GCB), and had thereby violated G. L. c. 93A, § 11.[1]

After a separate and final judgment was entered against the defendant in the amount of $1,700,000 (reflecting base damages of $850,000 doubled pursuant to G. L. c. 93A, § 11) plus attorney's fees and costs, the defendant filed a motion pursuant to Mass.R.Civ.P. 60(b), 365 Mass. 828 (1974), asking the court to vacate this default judgment against him and to dismiss the plaintiff's complaint for lack of proper service, or, in the alternative, to grant him relief from the judgment and reinstate the action to the active trial list. As grounds for his motion, the defendant asserted that service of process had been inadequate because process had not been delivered to him in hand. The defendant further asserted that he had failed to respond to the complaint within the time prescribed by rule 12(a)(1) in reliance on the advice he had received from two Maryland attorneys who told him that, because service of process and venue were improper, he could wait until the plaintiff attempted to enforce a Massachusetts judgment in Maryland to defend the matter.

Finding that service had in fact been adequate for the court to take personal jurisdiction over the defendant, and that the defendant had acted wilfully in failing to appear and present a defense within the time prescribed by rule 12(a)(1), the trial judge denied the defendant's motion on May 19, 1999, and denied the defendant's motion for reconsideration on June 9, 1999. We affirm.

1. *Service of process.* The Massachusetts long-arm statute provides that, when the law of the Commonwealth authorizes service outside the Commonwealth, the service, when reasonably calculated to give actual notice, may be made, among other means, "by personal delivery in the manner prescribed for service within this commonwealth." G. L. c. 223A, § 6(*a*)(1). Rule 4(d) of the Massachusetts Rules of Civil Procedure in turn provides that "personal service" upon an individual within the Commonwealth may be made "by delivering a copy of the summons and of the complaint to him personally; *or by leaving copies thereof at his last and usual place of abode*" (emphasis added). Mass.R.Civ.P. 4(d)(1), as amended, 370 Mass. 918 (1976). The effect of these provisions is to permit service of process upon a nonresident

---

[1] GCB was also named as a defendant in the action and was likewise defaulted after it failed to respond to the plaintiff's complaint. It is not party to this appeal.

individual defendant by leaving such process at his home. See Mass.R.Civ.P. 4(e)(1), 365 Mass. 733 (1974) (service on nonresident defendant may be made "in any appropriate manner prescribed in subdivision [d] of this Rule").

According to the sworn affidavit of the process server, service was made on the defendant by leaving process at his residence at 816 Hilltop Road in Elkton, Maryland, on December 9, 1998.[2] This was adequate to perfect the court's exercise of jurisdiction over the person of the defendant. Contrary to the defendant's contentions, delivery of the process to him in hand was not required. See *Roy* v. *Roy*, 47 Mass. App. Ct. 921, 922 (1999) (remanding to permit discretionary amendment of proof that alleged service on nonresident defendant was properly accomplished by leaving process at his home).

2. *Relief from judgment.* Rule 60(b)(1) of the Massachusetts Rules of Civil Procedure authorizes the court to grant relief from judgment in cases of "mistake, inadvertence, surprise or excusable neglect." The decision on a motion under this rule is committed to the sound discretion of the trial judge and will not be reversed on appeal absent a clear showing of abuse of discretion. See *Scannell* v. *Ed. Ferreirinha & Irmao, Lda.*, 401 Mass. 155, 157-158 (1987).

The defendant has made no such showing in this case. While the defendant asserted that he had various defenses to the plaintiff's complaint, he failed to show by affidavit or reference to documents that he had a "fair shot at success" on any of these defenses. See *Tai* v. *Boston*, 45 Mass. App. Ct. 220, 222 (1998). For example, the defendant contended that he could not be held liable for violation of G. L. c. 93A since the plaintiff had pleaded nothing more than simple breach of a contract of sale to which GCB, but not the defendant himself, was a party. The defendant further contended that his conduct allegedly in violation of G. L. c. 93A occurred outside the Commonwealth and hence was not subject to G. L. c. 93A. In fact, the plaintiff pleaded facts, and attached copies of pertinent documents, showing that the defendant delivered to the plaintiff in Massachusetts (its usual place of business) several written representations with respect to the customer list that was the subject of the sale, and also signed the representations and other sale documents as "president" of GCB. In such circumstances, the defendant can be held liable for a wilful violation of G. L. c. 93A upon proof that the representations were false and that the defendant knew that they were false. See *Standard Register Co.* v. *Bolton-Emerson, Inc.*, 38 Mass. App. Ct. 545, 550-552 (1995) (corporate officers who fraudulently negotiated and induced a commercial contract could be held personally liable for their misrepresentations made in violation of G. L. c. 93A, § 11); *The Community Builders, Inc.* v. *Indian Motocycle Assocs., Inc.*, 44 Mass. App. Ct. 537, 560 (1998) ("It is settled that corporate officers may be held liable under c. 93A for their personal participation in conduct invoking its sanctions"). See also *Sonesta Intl. Hotels Corp.* v. *Central Fla. Invs., Inc.*, 47 Mass. App. Ct. 154, 157-160 (1999) (chapter 93A may apply to deceptive and unfair acts or practices directed at Massachusetts residents and harming them there).

In any event, in the circumstances of this case, where the defendant acted

---

[2]The plaintiff subsequently caused additional papers, including notice of the court's award of preliminary injunctive relief and notice of hearing on the plaintiff's motion for default judgment, to be served on the defendant in the same manner.

wilfully and deliberately in failing to respond to process (although possibly relying on erroneous legal advice regarding the potential consequences of such action), the judge could reasonably conclude that his rule 60(b)(1) motion for relief from judgment should be denied even if he had identified a colorable defense to the plaintiff's complaint. See *Finkel* v. *Natale Rota, Inc.*, 19 Mass. App. Ct. 55, 57 (1984) ("The judge understandably concluded that the defendant's failure to respond to the original summons or to the notice of the assessment [of damages] hearing did not constitute 'excusable neglect' "). See also *Tingley Sys., Inc.* v. *CSC Consulting, Inc.*, 919 F. Supp. 48, 55 (D. Mass. 1996) ("where a party takes a voluntary action that compromises or extinguishes a claim, that party may not have relief from judgment under rule 60(b)(1) merely because the party — as here — misapprehends the consequences of the action taken"); 11 Wright, Miller, & Kane, Federal Practice & Procedure § 2858, at 280 (2d ed. 1995) ("Ignorance of the rules is not enough [to justify relief pursuant to Fed.R.Civ.P. 60(b)(1)], nor is ignorance of the law" [footnotes omitted]). We note that, even had the defendant relied on the erroneous legal advice of Massachusetts counsel, he would have fared no better; "[a] flat mistake of counsel about the meaning of a statute or rule may not justify relief." *Goldstein* v. *Barron*, 382 Mass. 181, 186 (1980) (construing "excusable neglect" in Mass.R.Civ.P. 6[b][2], 365 Mass. 747 [1974]).

There was no abuse of discretion in the judge's denials of the defendant's motion pursuant to rule 60(b)(1) and his motion for reconsideration.

> *Order denying motion to vacate default judgment and dismiss complaint, or to grant relief from default judgment, affirmed.*
>
> *Order denying motion for reconsideration affirmed.*

*William Wallace*, pro se.
*Robert B. Carpenter* for the plaintiff.