## Donald G. McIsaac *vs.* Ronald D. Cedergren.

No. 00-P-173.

Norfolk. January 10, 2002. - April 29, 2002.

Present: Greenberg, Kafker, & Cohen, JJ.

*Practice, Civil,* Relief from judgment. *Judgment,* Relief from judgment.

A Superior Court judge did not abuse her discretion in denying a motion to vacate the dismissal of a personal injury action that had been dismissed when the plaintiff's counsel failed to serve the complaint in a timely manner, where the conduct of the plaintiff's counsel amounted to egregious inattention rather than excusable neglect under Mass.R.Civ.P. 60(b)(1). [609-612]

Civil action commenced in the Superior Court Department on August 19, 1998.

Motions to vacate dismissal and for reconsideration were heard by *Judith Fabricant,* J.

*Mitchell R. Lyons* for the plaintiff.

Kafker, J. The plaintiff, Donald G. McIsaac, seeks to resurrect his personal injury action against the defendant, Ronald D. Cedergren, which was dismissed when the plaintiff's counsel failed to serve the complaint in a timely manner. Plaintiff's counsel avers that his secretary sabotaged his legal practice and blames her for both his failure to serve the complaint and his delay in filing a motion pursuant to Mass.R.Civ.P. 60(b)(1), 365 Mass. 828 (1974). The plaintiff contends that a judge of the Superior Court abused her discretion in not finding excusable neglect. We discern no abuse of discretion and affirm the order denying the rule 60(b)(1) motion.

The plaintiff was involved in an automobile accident with the defendant on August 19, 1995. He thereafter engaged Attorney Mitchell R. Lyons to represent him in a suit against the defendant. Lyons has served as the plaintiff's counsel throughout

the proceedings, including this appeal.[1] On August 19, 1998, one day before the limitations period expired on his tort claim, the plaintiff's complaint was filed in Norfolk Superior Court. On December 7, 1998, the complaint was dismissed by the court, "service of process not having been made on the defendant[]" pursuant to Standing Order no. 1-88.

A year minus one day later, on December 6, 1999, more than four years after the traffic accident, the plaintiff filed a motion to vacate the dismissal on the ground of excusable neglect pursuant to Mass.R.Civ.P. 60(b)(1). The motion was supported by plaintiff's counsel's affidavit, in which it is averred that, "over a period of years," his secretary had committed "deliberate acts which directly and negatively affect at least fourteen cases."[2] Regarding the instant case, plaintiff's counsel swore that: (1) "I had been told that the case was filed well before the last day of the [s]tatute [of limitations]," and (2) that "[l]iability is clear in th[is] matter as the defendant was cited for failure to use caution while turning." He also more generally alleged that his secretary kept telephone calls from him and "purposefully allowed me to go without knowledge of hearings and notices that cases would be dismissed, that discovery was due, that motions were brought, [and] that court orders had issued. . . . [She] directly lied to me that [cases had been filed and] service of process had been made. . . . [S]he would tell me that she gave extensions requested by [an] attorney's office and gradually, the name would slip off the list of cases which was given me." Although it is not clear from the affidavit, plaintiff's counsel apparently rediscovered the case when he learned from another client on December 1, 1999, that "he had been lied to for months" by the secretary, which led to him uncovering "fraud and deceit" on her part in other cases, including, by implication, this one.

The judge denied the plaintiff's motion to vacate the dismissal on December 15, 1999, writing: "The motion and supporting

---

[1]After the brief was filed, Lyons filed a notice of withdrawal as counsel. Prior to oral argument, however, he notified the court that he would appear and argue the case.

[2]In the plaintiff's brief and in plaintiff's counsel's affidavit supporting the motion for reconsideration, it is represented that in at least twelve of the other cases motions to vacate the dismissals have been granted.

affidavit fail[] to provide adequate cause to vacate a dismissal that occurred a full year ago, and to extend service time for an even longer period. However egregious the conduct of counsel's secretary may have been, the responsibility to monitor the progress of the case, and to meet the requirements of the rules, belongs to counsel."

On December 17, 1999, the plaintiff filed a motion for reconsideration, supported by a memorandum and an affidavit of plaintiff's counsel and two other lawyers with whom he practiced. This affidavit, like the first affidavit, described the secretary's misdeeds, but did so generally without specific information regarding this case.[3] The judge denied the motion. The plaintiff has appealed from the orders denying both the motion to vacate and the motion for reconsideration.

As provided for in Mass.R.Civ.P. 60(b)(1), "the court may relieve a party or his legal representative from a final judgment" due to "excusable neglect." "A motion to vacate judgment under rule 60(b)(1), is properly addressed to the sound discretion of the trial judge . . . [who] is in the best position to balance the competing claims of fairness to the litigants and case-flow efficiency . . . . Therefore, while appellate courts have not hesitated to intercede when the circumstances so required, a judge's decision will not be overturned, except upon a showing of a clear abuse of discretion." *Scannell* v. *Ed. Ferreirinha & Irmao, Lda.*, 401 Mass 155, 157-158 (1987) (citations omitted). See *Tai* v. *Boston*, 45 Mass. App. Ct. 220, 224 (1998); *Christian Book Distrib., Inc.* v. *Wallace*, 53 Mass. App. Ct. 905, 906 (2001). Although general factors have been identified for courts to consider on a rule 60(b)(1) motion,[4] the inquiry is fact intensive and case specific.

---

[3]The plaintiff's record appendix contains affidavits and other materials related to other cases. There is nothing to indicate that these materials were filed and considered by the judge in this case. Therefore, they are not part of the record on appeal, nor would they be considered significant if they were.

[4]These factors are "(1) whether the offending party has acted promptly after entry of judgment to assert his claim for relief therefrom; (2) whether there is a showing either by way of affidavit, or otherwise apparent on the record, that the claim sought to be revived has merit; (3) whether the neglectful conduct occurs before trial, as opposed to during, or after the trial; (4) whether the neglect was the product of a consciously chosen course of conduct on the part of counsel; (5) whether prejudice has resulted to the other party; (6) whether

A number of considerations militate against the plaintiff's contention that there is excusable neglect in this case. The trial judge was entitled to consider the disruptive effects to the judicial system of counsel's failure to serve the complaint and filing the rule 60(b)(1) motion on the last possible day. *Scannell, supra.* Furthermore, although there is almost no information about what action, if any, plaintiff's counsel took on this case between the time he was hired in 1995 and the time the complaint was dismissed, what is presented constitutes "egregious inattention," not excusable neglect. *Tibbitts* v. *Wisniewski,* 27 Mass. App. Ct. 729, 732 (1989). Although plaintiff's counsel was aware of the case at one point, and states in his affidavit that "I had been told that the case was filed well before the last day of the [s]tatute," he failed to take any action on it for years. The remainder of the affidavit suggests that his inattention was accompanied by an extraordinary and inappropriate amount of delegation of his legal practice to his secretary. This combination of inattention and delegation appears to reflect a "consciously chosen course of conduct on the part of counsel." *Berube* v. *McKesson Wine & Spirits Co.,* 7 Mass. App. Ct. 426, 431 (1979).

Notwithstanding the abdication of plaintiff's counsel's responsibilities toward his client and his law practice, it is argued that there was excusable neglect in this case due to the alleged wilfulness of the secretary's misconduct. Relying on *Pioneer Investment Serv. Co.* v. *Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380 (1993), the plaintiff argues that "[b]ecause of the language and structure of Rule 60(b), a party's failure to file on time for reasons beyond his or her control is not considered to constitute 'neglect.' " *Id.* at 394. This is not, however, a case in which a vigilant lawyer was undone by a course of secretive, wilful misconduct by an assistant.[5] Even if deliberate, the secretary's actions do not excuse plaintiff's

the error is chargeable to the party's legal representative, rather than to the party himself." *Berube* v. *McKesson Wine & Spirits Co.,* 7 Mass. App. Ct. 426, 430-431 (1979).

[5]This is also not a case involving an isolated mistake by an associate or legal assistant. Compare *Weller* v. *Socony Vacuum Oil Co.,* 2 F.R.D. 158 (S.D. N.Y. 1941) (excusable neglect found despite oversight by law clerk missed by supervising attorney).

counsel own disregard of his "responsibility to monitor the progress of the case, and to meet the requirements of the rules," as the motion judge expressly found.

Reliance on Mass.R.Prof.C. 5.3(c), 426 Mass. 1408 (1998), is also misplaced.[6] This rule provides that:

> "With respect to a nonlawyer employed or retained by or associated with a lawyer:
>
> . . .
>
> (c) a lawyer shall be responsible for conduct of such a person that would be a violation of the Rules of Professional Conduct if engaged in by a lawyer if:
>
> (1) the lawyer orders or, with the knowledge of the specific conduct, ratifies the conduct involved; or
>
> (2) the lawyer is a partner in the law firm in which the person is employed, or has direct supervisory authority over the person, and knows of the conduct at a time when its consequences can be avoided or mitigated but fails to take reasonable remedial action."

It is argued that plaintiff's counsel's lack of knowledge of his secretary's conduct as defined in rule 5.3(c) somehow supports a claim of excusable neglect pursuant to rule 60(b)(1). Even if we were to assume plaintiff's counsel was not in violation of rule 5.3(c) (an undeveloped factual and legal issue which is not for this court to decide), we would conclude it had no significance. Whether he knew of specific conduct by a nonlawyer assistant that violated the Rules of Professional Conduct and whether he acted inappropriately given that knowledge are different inquiries from the determination of excusable neglect under rule 60.[7]

Although not explored in the plaintiff's brief, we recognize

---

[6]This rule has not been interpreted in our case law except in a footnote reference to a prosecutor's obligation to ensure that victim-witness advocates comply with discovery orders. *Commonwealth* v. *Bing Sial Liang*, 434 Mass. 131, 136 n.8 (2001).

[7]We note that rule 5.3(c) is only one of several Massachusetts Rules of Professional Conduct of conceivable relevance here. See Mass.R.Prof.C. 5.3(a), 426 Mass. 1408 (1998) (oversight responsibilities of partner concern-

that a relevant factor to be considered by the judge in evaluating the excusability of the neglect is "whether the error is chargeable to the party's legal representative, rather than to the party himself." *Berube* v. *McKesson Wine & Spirits Co.*, 7 Mass. App. Ct. 426, 431 (1979). We have, however, approached this factor with caution, stressing the general rule that "litigants are properly bound by the conduct of their attorneys." *Tibbitts* v. *Wisniewski*, 27 Mass. App. Ct. at 733. See *Berube* v. *McKesson Wine & Spirits Co.*, 7 Mass. App. Ct. at 431 & n.10. Moreover, the plaintiff has not provided an affidavit detailing, for example, unsuccessful attempts to contact his attorney over the course of several years or instances of evasion or unresponsiveness by the plaintiff's secretary. Such an affidavit perhaps may have demonstrated to the motion judge the plaintiff's own diligence as distinguished from his counsel's lack thereof, or lent some support to counsel's claims of obstruction by his secretary. .

We finally note that even though certain of the *Berube* factors may provide limited support for the plaintiff's argument,[8] an appellate court will not reverse a motion judge's decision "except upon a showing of a clear abuse of discretion," *Tai* v. *Boston*, 45 Mass. App. Ct. at 224. For the reasons expressed above, such a showing is absent here.

> *Order denying motion for relief*
> *from judgment affirmed.*
>
> *Order denying motion for recon-*
> *sideration affirmed.*

ing nonlawyer assistant); Mass.R.Prof.C. 5.3(b), 426 Mass. 1408 (1998) (oversight responsibilities of a lawyer having direct supervisory responsibilities for nonlawyer assistant); Mass.R.Prof.C. 1.3, 426 Mass. 1313 (1998) ("A lawyer shall act with reasonable diligence . . ."); Mass.R.Prof.C. 1.4(a), 426 Mass. 1314 (1998) ("A lawyer shall keep a client reasonably informed about the status of a matter"); and Mass.R.Prof.C. 5.5.(b), 426 Mass. 1410 (1998) ("A lawyer shall not . . . assist a person who is not a member of the bar in the performance of activity that constitutes the unauthorized practice of law").

[8]For example, although the plaintiff has provided little information about the accident itself, his counsel does include in his affidavit that the defendant was cited by the police for failure to use caution while turning, thereby at least suggesting that the case has some merit. See *Berube* v. *McKesson Wine & Spirits Co.*, 7 Mass. App. Ct. at 431; *Tai* v. *Boston*, 45 Mass. App. Ct. at 222.