Connor, J.
This is an appeal pursuant to Dist/Mun. Cts. R A D. A, Rule 8C, from the denial of the defendant’s motion to vacate judgment under Mass. R. Civ. R, Rule 60(b)(1). The defendant argues that the trial judge abused his discretion in denying the motion. We find that the record does not support the defendant’s contention.
The plaintiff filed a complaint in the New Bedford Division, District Court on July 11, 2000 seeking reimbursement from the defendant for alleged over payments on two mortgage loans. The defendant was served with a summons and copy of the complaint on July 25, 2000; no answer having been filed, the plaintiff moved for default on August 17, 2000. After an ex-parte hearing on August 29, 2002 for assessment of damages, judgment entered for the plaintiff in the amount of $15,055.28 on September 15, 2000. On February 16, 2001, the defendant filed a motion to vacate judgment which was denied after hearing on February 27,2001.
The defendant relied on the case docket entries and the affidavit of its vice president to explain its reasoning for failing to file an answer, which was the triggering event for the default. In the affidavit he acknowledged receiving the summons and copy of the complaint and forwarding them to in-house counsel who in turn was supposed to refer the matter to outside counsel for representation. Inexplicably the documents were not sentto outside counsel which resulted in the default judgment After being served with execution in November, the defendant notified outside counsel of the judgment but it was not until February 27,2001, that a motion to vacate the judgment was filed.
The motion judge has the authority under Mass. R Civ. E, Rule 60(b)(1), to relieve a party from judgment if he finds that it was the result of excusable neglect The defendant acknowledged his acts were neglectful but the judge did not find they had been proven excusable.
This Courts authority is limited to reviewing whether the motion judge acted within the bounds of sound discretion in denying the motion to vacate judgment Scannell v. Ed. Ferreininha & Irmao, Lda., 401 Mass. 155, 158 (1987). The burden is on the defendant to establish the discretion has been abused. See reporters notes to Mass. R. Civ. R, Rule 60(b) (1); Tai v. City of Boston, 45 Mass. App. Ct. 220, 223 (1996); Scannell at 158. In Berube v. McKesson Wine and Spirits Co., 7 Mass. App. Ct. 426, 430-431 (1979), the Court outlined the type of factors to be considered in reviewing the judge’s exercise of discretion: “(1.) whether the offending party has acted promptly after entry of judgment to assert his claim for relief therefrom; (2.) whether there is a showing by affidavit or otherwise apparent on the record, that the claim sought to be revived has merit (3.) whether the neglect *210 ful conduct occurs before trial as opposed to after trial; (4.) whether the neglect was the product of a consciously chosen course of conduct on the part of counsel; (5.) whether prejudice has resulted to the other party; (6.) whether the error is chargeable to the party’s legal representative rather than the party himself.”
While the motion judge made no detailed findings to support his conclusion that the neglect was not excusable, our review is not impeded because the critical facts were uncontroverted. The neglect in failing to file an answer to the complaint was the fault of the party extending over a three month period and then it took counsel an additional three months to file a motion to vacate judgment accompanied by a proposed answer. No attempt was made to explain the reason for the delay. The judge was entitled to consider the history of conduct from the date of the original filing date to the date of filing the last motion in exercising his discretion. See McIsaac v. Cedergoen, 54 Mass. App. Ct. 607 (2002).
While it was not necessary that the moving party establish a perfect defense, it is required to establish that there is merit to its defense. Hyde Park Savings Bank v. Davankoskas, 298 Mass. 421, 423-425 (1937). In this instance the defendant’s proposed answer to the thirty-one paragraphs in the plaintiffs complaint includes an admission only to its identity and a claim that it “is without sufficient knowledge of information” to respond to the allegations in all the other paragraphs.
Based on the record before the motion judge, we find that his decision reflects a fair consideration of all the facts. We find no abuse of discretion.
Order denying motion to vacate is affirmed.
So ordered.