Lei Yin (husband) appeals from the order denying his motion for relief from judgment, entered March 23, 2017. Because we perceive no prejudice to either party in doing so, we exercise our discretion to overlook the procedural missteps in the filing of the appeal.[2] See, e.g., Sarkisian v. Concept Restaurants, Inc., 471 Mass. 679, 681 n.3 (2015).
The question whether relief from judgment should be granted "is fact intensive and case specific." McIsaac v. Cedergren, 54 Mass. App. Ct. 607, 609 (2002). Accordingly, because the "trial judge is in the best position" to conduct this inquiry, the "judge's decision will not be overturned, except upon a showing of a clear abuse of discretion." Scannell v. Ed. Ferreirinha & Irmao, Lda., 401 Mass. 155, 158 (1987).
It is not clear on what basis the husband sought relief and he does not appear to argue any grounds other than that the parties' joint petition, incorporating their two separation agreements, was not contested. The judge dismissed the joint petition without prejudice on the ground that "the parties [did] not make proper provisions" for custody, support and maintenance, alimony, or disposition of the marital property. The husband did not below, in his motion for relief, or here, in his brief, address these fundamental problems, explain how the parties' petition is minimally sufficient, or otherwise suggest any basis upon which we might find that the judge abused her discretion by denying the motion for relief from judgment. Furthermore, nothing prevents the parties from filing a new joint petition for divorce that addresses the concerns raised by the judge. As no error has been made apparent, we affirm the order, entered March 23, 2017, denying the husband's motion for relief from judgment.
So ordered.
Affirmed.

According to the docket, the entry of a judgment of dismissal on the parties' joint petition for divorce was entered on October 26, 2016. On February 17, 2017, the parties filed a "Motion for Release from Judgment/Order," which was, in substance, a rule 59(e) motion. See Mass.Dom.Rel.P. 59(e) ("A motion to alter or amend the judgment shall be served no later than 10 days after entry of the judgment"). The judge denied the motion on March 2, 2017, and the order was entered on March 23, 2017. The docket then reflects that the husband filed a notice of appeal on March 13, 2017. The Appeals Court entry statement purports to appeal from the "Judgment of Dismissal dated 9/23/16 and Denial of Motion for Relief from Judgment dated 3/2/17." A March 13, 2017, appeal from the judgment entered on October 26, 2016, would be untimely. See Mass.R.A.P. 4(a), as amended, 464 Mass. 1601 (2013) ("[T]he notice of appeal ... shall be filed ... within thirty days of the date of the entry of the judgment appealed from"). Because the underlying "Motion for Release from Judgment/Order" was untimely, an appeal from the March 2, 2017, denial would therefore be improper, even though the notice fell within thirty days of that denial. See Mass.Dom.Rel.P. 59(e).