NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1345

ALLISON SIBIGA & others[1]

vs.

CHRISTINE NAULT[2] & another.[3]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In 2021, the plaintiffs initiated a Superior Court

negligence action, originating from a car accident, against the

defendant, Christine Nault, and another.  Over the course of the

litigation, the defendant failed to appear several times, as

well as failed to respond to numerous motions, notices, and

---

[1] Alina Sibiga and the estate of Andrew Sibiga.  Allison Sibiga was dismissed as a party to this litigation prior to entry of final judgment, and as such she is not a party before this court.  Also, the estate of Andrew Sibiga is not a party before this court.  Accordingly, Alina Sibiga is referred to herein as the plaintiff.

[2] As is our custom, we spell the defendant's name as it appears in the complaint.

[3] Alexander Roussos.  Roussos was a party in the Superior Court, but is not a party before this court.

interrogatories. On November 17, 2022, the judge entered a final default judgment against the defendant for $7,771,115.60. On November 15, 2023, almost one full year after judgment entered, the defendant moved for relief from judgment under Mass. R. Civ. P. 60 (b) (1) and 60 (b) (6), 365 Mass. 828 (1974), which the motion judge denied along with the defendant's subsequent motion for reconsideration. On appeal, the defendant claims that it was error for the motion judge to deny the motion for relief from judgment, as well as the motion for reconsideration, and to not hold hearings on the motions. We affirm.

1. Motion for relief from judgment. The defendant claims that the motion judge improperly applied the law in denying the motion for relief from judgment, arguing that relief was warranted by reason of excusable neglect pursuant to rule 60 (b) (1). We disagree.

We review the denial of a motion for relief from judgment for an abuse of discretion. See Atlanticare Med. Ctr. v. Division of Med. Assistance, 485 Mass. 233, 247 (2020); Stephens v. Global NAPs, 70 Mass. App. Ct. 676, 684-685 (2007). "A judge's decision will not be overturned, except upon a showing of a clear abuse of discretion." Adoption of Quan, 470 Mass. 1013, 1014 (2014), quoting Scannell v. Ed. Ferreirinha &

2

Irmao, Lda., 401 Mass. 155, 158 (1987).  A judge's decision "constitutes an abuse of discretion where we conclude the judge made a 'clear error of judgment in weighing' the factors relevant to the decision . . . such that the decision falls outside the range of reasonable alternatives."  L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

Under rule 60 (b) (1), the burden to establish excusable neglect is on the defendant.  See Hermanson v. Szafarowicz, 457 Mass. 39, 46 (2010).  "Excusable neglect requires circumstances that are unique or extraordinary[, not] any kind of garden-variety oversight" (citation omitted).  Johnny's Oil Co. v. Eldayha, 82 Mass. App. Ct. 705, 708-709 (2012).  This analysis requires consideration of several factors, including timeliness, existence of exceptional circumstances that justify extraordinary relief, absence of unfair prejudice to the opposing party, and the Berube[4] factors.  See Adoption of Eugene,

---

[4] The Berube factors are as follows:

"(1) whether the offending party has acted promptly after entry of judgment to assert his claim for relief therefrom; (2) whether there is a showing either by way of affidavit, or otherwise apparent on the record, that the claim sought to be revived has merit; (3) whether the neglectful conduct occurs before trial, as opposed to during, or after the trial; (4) whether the neglect was the product of a consciously chosen course of conduct on the part of counsel; (5) whether prejudice has resulted to the other party; and (6) whether the error is chargeable to the

3

415 Mass. 431, 436-437 (1993), citing Berube v. McKesson Wine & Spirits Co., 7 Mass. App. Ct. 426, 430-431 (1979). Here, the motion judge applied these factors and denied the request for relief from judgment under rule 60 (b) (1).

In his decision, the motion judge explicitly lists the factors relevant in the analysis of excusable neglect under rule 60 (b) (1), and he concludes that the "[a]pplication of these factors . . . clearly demonstrate[] that [the defendant's] request to vacate the default judgment . . . must be rejected." In doing so, the judge considered the assertions by the defendant regarding her medical issues as true. The judge was well within his discretion to conclude that the request should be denied, noting that because the defendant "waited almost one year before filing," vacating the judgment would result in unfair prejudice to the plaintiff, considering her age and health at the time, and further, that the defendant failed to show the existence of exceptional circumstances that would justify the relief requested. "[E]ven though certain of the Berube factors may provide limited support for the [defendant's] argument, an appellate court will not reverse a motion judge's

_____

party's legal representative, rather than to the party himself."

Hermanson, 457 Mass. at 47 n.11, citing Berube v. McKesson Wine & Spirits Co., 7 Mass. App. Ct. 426, 430-431 (1979).

decision 'except upon a showing of a clear abuse of discretion'" (footnote and citation omitted). McIsaac v. Cedergren, 54 Mass. App. Ct. 607, 612 (2002). The defendant failed to show any clear abuse of discretion.

The defendant also contends that the motion judge erred by failing to explicitly analyze how each and every factor under Berube, 7 Mass. App. Ct. 426, 430-431, applied to the instant case. We disagree, as the judge was not required to make specific findings and rulings on each and every factor. The inquiry is fact intensive and case specific. Berube, supra, and rule 60 (b) (1) simply set forth general factors -- not elements -- for courts to consider. See McIsaac, 54 Mass. App. Ct. at 609.[5]

With regard to the defendant's argument suggesting that one of her attorneys was at fault for the delay in filing her motion, we treat it as waived because it was raised for the first time in her motion for reconsideration. See Commonwealth v. Gilday, 409 Mass. 45, 46 n.3 (1991). "Neither a motion for

---

[5] In her brief, the defendant alludes to several facts not before the motion judge. A single justice of this court denied the defendant's motion to expand the record that would have included these facts, and therefore, we do not consider them.

reconsideration nor an appeal to this court is the appropriate place to raise new arguments."  Id.[6]

2.  Hearings on the motions.  The defendant also claims that the motion judge should have held a hearing on the motion for relief from judgment and on the motion for reconsideration. This argument is raised for the first time on appeal, and accordingly, we treat it as waived.  See Boss v. Leverett, 484 Mass. 553, 563 (2020).  Even if it were not waived, this claim has no merit, as there is no requirement for a judge to hold a hearing on a motion for relief from judgment or on a motion for

---

[6] For similar reasons as in our discussion regarding the denial of the defendant's motion for relief from judgment, we hold there was also no abuse of discretion in the order denying the motion to reconsider that denial.

6

reconsideration.  See Bahceli v. Bahceli, 10 Mass. App. Ct. 446, 450 (1980).  See also Knott v. Racicot, 442 Mass. 314, 326 (2004).[7]

> Orders denying motion for
>   relief from judgment and
>   motion for reconsideration
>   affirmed.
>
> By the Court (Meade,
>   Englander & Walsh, JJ.[8]),

Clerk

Entered:  November 19, 2025.

---

[7] The plaintiff's request for attorney's fees is denied.

[8] The panelists are listed in order of seniority.

7